United States District Court
Southern District of Texas
**ENTERED**
October 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELVIN DIXON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03553 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Kelvin Dixon's petition for a writ of habeas corpus. Having carefully considered the petition, the answer, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Dixon's petition should be dismissed.

## I.    Background

Dixon is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He challenges the loss of street time when his parole was revoked.

Dixon was convicted of aggravated robbery with a firearm, enhanced by a prior felony conviction, in the 179th District Court of Harris County, Texas. On January 19, 1994, that court sentenced him to a 25-year term of imprisonment. Adjusted for time served in pretrial detention, Dixon's sentence began to run on July 22, 1993.

Dixon was paroled on October 2, 2009, but he was arrested for burglary of a habitation on May 16, 2017, while he was out on parole. Dixon's parole was revoked on October 16, 2018. Dixon also received a ten-year sentence for the burglary conviction. Answer (Doc. #

13), Exh. A.  On March 11, 2022, Dixon filed a time dispute resolution with TDCJ contending that the time he spent out on parole was not properly credited to his sentence.  On April 18, 2022, TDCJ responded that Dixon was not entitled to his street time credit as a matter of Texas law.  *Id.* at 3.

Dixon did not file a state application for a writ of habeas.  He filed this federal petition on October 12, 2022.  Respondent argues that Dixon's petition is barred by the statute of limitations.

**II.** **Analysis**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner has one year in which to file a federal habeas corpus petition.  *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D). In this case, the statute of limitations began to run no later than October 16, 2018, the date on which Dixon's parole was revoked, giving Dixon until October 16, 2019 to file his federal petition absent tolling.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." 28 U.S.C. § 2244(d)(2).  Dixon did not file his time dispute resolution request with TDCJ until March 11, 2022.  Answer, Exh. A at 4.  By that date, the statute of limitations was expired and there was nothing left for the time dispute resolution to toll. Dixon filed this federal petition on October 12, 2022, nearly three years after the limitations period expired.  His petition is therefore time barred.

Dixon argues that the limitations period should be tolled because he is not educated in the law.  Petition (Doc. # 1) at 14.  The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).  "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).   Moreover, the Fifth Circuit has held that equitable tolling is not warranted on the basis of a petitioner's *pro se* status.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ).  Dixon therefore fails to show that he is entitled to equitable tolling.

## III.    Certificate of Appealability

Dixon has not requested a certificate of appealability ("COA"), but this court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988);

*see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that the petition is time-barred. Therefore, Dixon has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

**IV.**       **Order**

For the foregoing reasons, Kelvin Dixon's Petition for Writ Of Habeas Corpus (Doc. # 1) is DENIED and is DISMISSED WITH PREJUDICE.  No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on October 26, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge